UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | * | |
| | * | |
| Plaintiff, | * | Civil Action No.  2:16-cv-2874 |
| | * | |
| VERSUS | * | Judge |
| | * | |
| A WORLD OF SMILES, LLC f/k/a | * | Magistrate Judge |
| KIDS 2 ADULTS DENTAL LLC, | * | |
| BRIGETTE N. JONES McGEATHY, and | * | |
| NORMAN L. McGEATHY III | * | |
| | * | |
| Defendants. | * | |
| | * | |

**************************************

## COMPLAINT TO COLLECT AMOUNTS DUE UNDER LOAN AGREEMENT AND FOR RECOGNITION OF SECURITY INTEREST

Plaintiff, Bank of America, N.A. ("**Bank of America**"), respectfully submits this Complaint to Collect Amounts Due Under Loan Agreement and for Recognition of Security Interest.  Bank of America states as follows:

### PARTIES

1.     Plaintiff Bank of America is a national banking association headquartered in Charlotte, North Carolina.

2.     Defendant A World of Smiles, LLC f/k/a Kids 2 Adults Dental LLC is a Louisiana limited liability company whose agent for service of process is Brigette N. Jones.

3.     Defendant Brigette N. Jones McGeathy is a person of the full age of majority residing in New Orleans, Louisiana.

4.     Defendant Norman L. McGeathy III is a person of the full age of majority residing in New Orleans, Louisiana.

1

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this proceeding pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties, as Bank of America is a citizen of North Carolina, and Defendants are citizens of Louisiana.  In addition, the amount in controversy exceeds the sum or value of $75,000.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because all defendants reside in this judicial district and because a substantial part of the events giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

**A.      Borrower's Default Under Original Project Finance Term Loan Agreement.**

7.      On May 1, 2011, Brigette N. Jones and Norman L. McGeathy III, as representatives of the borrowing entity, executed a Project Finance Term Loan Agreement (the "**Loan Agreement**") with Bank of America in the principal amount of $600,000.  A copy of the Loan Agreement is attached as Exhibit A.  The Loan Agreement provides that Bank of America would make advances to Borrower up to the loan amount of $600,000 for the purpose of financing the operation, refurbishment, of Borrower's professional dental practice (defined in the Loan Agreement as the "Project").  (*See* Exh. A.)

8.      The borrower identified in the Loan Agreement was initially listed as Jones, McGeathy, DDS.  (*See* Exh. A.)  In a Change Notification and Acknowledgment dated July 26, 2011, the borrowing entity was changed from Jones, McGeathy, DDS to Kids 2 Adults Dental, LLC.  (*See* Exh. B.)  Subsequently, in another Change Notification and Acknowledgment dated April 3, 2012, the borrowing entity was changed from Kids 2 Adults Dental, LLC to A World of Smiles, LLC (hereafter "**Borrower**").  (*See* Exh. C.)

2

9.      The Loan Agreement contemplates a Project Closing Date at which point the loan would be converted to a permanent loan.

10.      The Loan Agreement also provides that "if any monthly payment is not paid on or before the ninth (9th) day after the Payment Date a late charge will be assessed on the account of Borrower for the indebtedness in an amount equal to the greater of: (a) $0.15 per dollar of any late Monthly Payment, or (b) $15.00."  (*See* Exh. A: Loan Agreement § 12.1.)

11.      In the Loan Agreement, Borrower granted Bank of America "a security interest in the Collateral and the proceeds of the Collateral to secure payment and performance of the Indebtedness."  (*See* Exh. A: Loan Agreement § 14.)  The Loan Agreement defined "Collateral" to include "all of the business personal and business assets of Borrower, and if, applicable, any Guarantor, wherever located, and now owed or hereafter acquired."  (*See id.* § 47.)  To perfect its security interest, Bank of America filed a UCC Financing Statement with respect to the Collateral as defined in the Loan Agreement.

12.      The Loan Agreement further lists several events of default under the Loan Agreement, including the "the failure to make any payment of the Indebtedness and, except for a failure to pay at the maturity date, such failure continues for 10 days after it first becomes due." (*See* Exh. A: Loan Agreement § 23.)

13.      The Loan Agreement provides that "upon the occurrence of an Event of Default, Lender may at its option," declare all remaining sums due under the Loan immediately due and payable, charge interest at the default rate, and exercise all of Bank of America's rights as a secured party.  (*See* Exh. A: Loan Agreement § 24.B.)

14.      In conjunction with the Loan Agreement, Defendants Brigette N. Jones McGeathy and Normand L. McGeathy III (collectively "**Guarantors**") unconditionally guaranteed the

3

payment of all Indebtedness owed by Borrower under the Loan Agreement.  (*See* Exh. A: Loan Agreement at Guaranty § 1.)

15.     The advances made under the Loan Agreement were converted to a permanent loan on September 6, 2012 when the parties executed a Final Disbursement, Change & Repayment Schedule (the "**Final Disbursement**").  (*See* Exh. D.)  The Final Disbursement provides that the principal amount of the loan is $643,461.59 with a term of 180 months at a fixed interest rate of 8.25%.  (*See id.*)

16.     Borrower defaulted under the Loan Agreement by failing to pay the monthly installment due February 2014 and the monthly installments due thereafter.  In accordance with Section 24.A of the Loan Agreement, on May 6, 2014, Bank of America provided written notice of default to Borrower and Guarantors, giving them an opportunity to cure the payment default.

17.     Borrower and Guarantors did not cure the default, and as a result, on June 9, 2014, Bank of America exercised its right to accelerate all sums due under the Loan Agreement. Borrower and Guarantors, however, have not paid the amounts due under the Loan Agreement.

**B.     The Parties' Forbearance Agreements.**

18.     In light of the default under the Loan Agreement described above, Bank of America accommodated a request by Borrower to forbear from exercising its rights under the Loan Agreement.  More particularly, Bank of America and Borrower executed a Forbearance Agreement dated October 10, 2014 (the "**Forbearance Agreement**").  (*See* Exh. E.)  The forbearance period under the Forbearance Agreement expired on October 31, 2014.  (*See id.* at § 1.1.)  Further, in the Forbearance Agreement, Borrower expressly acknowledged that the total amount of the debt owed by Borrower as of September 30, 2014 was $694,995.28.  (*See id.* at § 3.1.)

4

19.     After the forbearance period set forth in the Forbearance Agreement expired, Borrower again requested that Bank of America continue to forbear from exercising its rights under the Loan Agreement.   Accordingly, the parties executed an Amendment to Loan Documents dated December 17, 2014 (the "**First Amendment to Forbearance Agreement**"). (*See* Exh. F.)  In the First Amendment to Forbearance Agreement, Borrower again acknowledged that the total debt owed by Borrower to Bank of America was $699,227.35 as of December 17, 2014.  (*See id.* at Recitals E.)  Further, in the First Amendment to Forbearance Agreement, the forbearance period was extended to February 28, 2015.  (*See id.* at § 1.1.)  Borrower further agreed to make one final payment of the entire amount owed by the expiration of the forbearance period, i.e, by February 28, 2015.  (*See id.* at § 2.1.)

20.     After the extended forbearance period expired on February 28, 2015, Borrower again requested that Bank of America continue to forbear from exercising its rights under the Loan Agreement.   As such, the parties executed a Second Amendment to Forbearance Agreement dated April 3, 2015 (the "**Second Amendment to Forbearance Agreement**").  (*See* Exh. G.)  In the Second Amendment to Forbearance Agreement, Borrower acknowledged that the amount of the debt owed to Bank of America was $693,120.17 as of April 3, 2015.  (*See id.* at Recitals F, G.)  Further, the forbearance period was extended to last business day of July 2015, at which time the entire unpaid balance was due and payable in full.  (*See id.* at § 2.3.)

**C.     Loan Modification Agreement.**

21.     Borrower did not pay the unpaid balance due by the extended forbearance period, i.e, by the last business day of July 2015.  The parties then entered into a Loan Modification Agreement dated August 31, 2015 (the "**Modification Agreement**").  (*See* Exh. H.)  The Modification Agreement provides that the maturity date of the loan is extended to February 28,

2016, at which point all unpaid principal, interest, and expenses shall be due payable in full. (*See id.* at § 1.1.)  Aside from the provisions set forth in the Modification Agreement, all other provisions of the original Loan Agreement remained in full force and effect.  (*See id.* at § 1.)

22.     Borrower did not pay the unpaid balance by the maturity date of February 28, 2016 set forth in the Modification Agreement.  Consequently, by letter dated March 4, 2016, Bank of America (through counsel) notified Borrower and Guarantors of the default and provided Borrower and Guarantors 30 days to pay all sums due under the Loan Agreement.  (*See* Exh. I.)  Borrower and Guarantor have not paid the remaining amounts owed under the Loan Agreement, thus prompting this lawsuit.

23.     As of April 5, 2016, the amount due from, and unpaid by Borrower and Guarantors,  is as follows:

| | |
|---|---|
| Unpaid principal | $672,736.97 |
| Interest | $21,175.83 |
| Late Fees | $5,109.85 |
| **Total** | **$699,022.65** |

plus interest accruing thereafter at the daily rate of $154.16, together with late charges, attorneys' fees, expenses and costs that accrued as of April 5, 2016, and that continue to accrue thereafter, until all obligations of Borrower and Guarantors to Bank of America under the Loan Agreement are paid in full.

**D.      Attorneys' Fees.**

24.     The Loan Agreement expressly allows for the recovery of attorneys' fees incurred to collect sums due under the Loan Agreement.  (*See* Exh. A: Loan Agreement § 22 (allowing for "reasonable fees and costs of attorneys employed by Lender for any purposed related to this Agreement or the Indebtedness including consultation, drafting documents, sending notices or instituting, prosecuting or defending nay proceedings").)

25.     Bank of America has engaged the law firm of McGlinchey Stafford, PLLC to enforce its rights under the Loan Agreement, the Modification Agreement, and related agreements and to institute these proceedings to collect the amounts due, and seek the recognition of Bank of America's security interest under the Loan Agreement.  Accordingly, Bank of America is entitled to recover from Borrower and Guarantors the reasonably attorneys' fees, court costs and other expenses that it incurs in connection with these proceedings.

## PRAYER

**WHEREFORE**, Bank of America prays that:

1.      After due proceedings be had, there be judgment rendered in Bank of America's favor and against Borrower and Guarantors, *in solido*, in the following amounts:

      a.      Principal, interest and late fees (as of April 5, 2016) in the amount of $699,022.65; plus

      b.      Fees and costs that have accrued as of April 5, 2016, and continue to accrue thereafter, together with interest accruing after April 5, 2016, at the daily rate of $154.16 per day, until all amounts due to Bank of America paid in full; plus

      c.      Reasonable attorneys' fees; and

      d.      All costs of these proceedings.

2.      After due proceedings had, there be judgment rendered in Bank of America's favor and against Borrower recognizing the validity and enforceability of, and the lien and security interest created, granted and perfected by the Loan Agreement; and

3.      Such other and further relief as is just and equitable.

Respectfully submitted,


/s/ Gabriel A. Crowson
Gabriel A. Crowson, T.A. (#28009)
Mark R. Deethardt (#34511)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800

*Counsel for Plaintiff, Bank of America, N.A.*