UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 16-02874 |
| | * | |
| VERSUS | * | Judge Nannette Jolivette Brown |
| | * | |
| A WORLD OF SMILES, LLC f/k/a | * | Magistrate Judge Sally Shushan |
| KIDS 2 ADULTS DENTAL LLC, | * | |
| BRIGETTE N. JONES McGEATHY, and | * | Section G(1) |
| NORMAN L. McGEATHY III | * | |
| | * | |
| Defendants. | * | |
| | * | |

*******************************************

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff, Bank of America, N.A. ("**Bank of America**"), respectfully submits this Memorandum in Support of Its Motion for Summary Judgment. As set forth below, this is a straightforward collection suit in which Bank of America seeks to recover amounts due under a Project Finance Term Loan Agreement. In particular, Defendant, A World of Smiles, LLC f/k/a Kids 2 Adults Dental, LLC ("**Borrower**"), borrowed more than $600,000 from Bank of America to finance Borrower's dental practice. Defendants, Brigette N. Jones and Norman L. McGeathy III ("**Guarantors**"), personally guaranteed Borrower's obligations to Bank of America.

Borrower has defaulted under the terms of the Project Finance Term Loan Agreement, which prompted this litigation. Because there are no genuine issues of material fact and because Bank of America is entitled to summary judgment as a matter of law, the Court should grant Bank of America's motion for summary judgment.

1

## BACKGROUND

**A.     Borrower's Default Under Original Project Finance Term Loan Agreement.**

On May 1, 2011, Brigette N. Jones and Norman L. McGeathy III, as representatives of the borrowing entity, executed a Project Finance Term Loan Agreement (the "**Loan Agreement**") with Bank of America in the principal amount of $600,000.  (*See* Affidavit of Roger Hamilton (the "Hamilton Aff.") ¶ 3 and attached Exhibit A.)  The Loan Agreement states that it "is a promissory note, security agreement and guaranty, all of which are to be construed together and binding upon the parties."  (*See* Hamilton Aff. ¶ 4 and Exh. A at p. 1.)  In conjunction with the Loan Agreement, Guarantors unconditionally guaranteed the payment of all Indebtedness owed by Borrower under the Loan Agreement.  (*See* Hamilton Aff. ¶ 5 and Exh. A at Guaranty § 1.)

The Loan Agreement provides that Bank of America would make advances to Borrower up to the loan amount of $600,000 for the purpose of financing the operation, refurbishment, of Borrower's professional dental practice (defined in the Loan Agreement as the "Project").  (*See* Hamilton Aff. ¶ 6 and Exh. A at §§ 4, 47(v).)

The borrower identified in the Loan Agreement was initially listed as Jones, McGeathy, DDS.  (*See* Hamilton Aff. ¶ 7 and Exh. A.)  In a Change Notification and Acknowledgment dated July 26, 2011, the borrowing entity was changed from Jones, McGeathy, DDS to Kids 2 Adults Dental, LLC.  (*See* Hamilton Aff. ¶ 8 and Exh. B: Change Notification and Acknowledgement.)  Subsequently, in another Change Notification and Acknowledgment dated April 3, 2012, the borrowing entity was changed from Kids 2 Adults Dental, LLC to A World of Smiles, LLC (hereafter "**Borrower**").  (*See* Hamilton Aff. ¶ 9 and Exh. C: Change Notification and Acknowledgment.)

The Loan Agreement contemplates a Project Closing Date at which point the loan would be converted to a permanent loan. (*See* Hamilton Aff. ¶ 10 and Exh. A at §§ 3, 47(w).) The Loan Agreement also provides that "if any monthly payment is not paid on or before the ninth (9th) day after the Payment Date a late charge will be assessed on the account of Borrower for the indebtedness in an amount equal to the greater of: (a) $0.15 per dollar of any late Monthly Payment, or (b) $15.00." (*See* Hamilton Aff. ¶ 11 and Exh. A at § 12.1.)

In the Loan Agreement, Borrower granted Bank of America "a security interest in the Collateral and the proceeds of the Collateral to secure payment and performance of the Indebtedness." (*See* Hamilton Aff. ¶ 12 and Exh. A at § 14.) The Loan Agreement defined "Collateral" to include "all of the business personal and business assets of Borrower, and if, applicable, any Guarantor, wherever located, and now owed or hereafter acquired." (*See* Hamilton Aff. ¶ 13 and Exh. A at § 47.) To perfect its security interest, Bank of America filed a UCC Financing Statement with respect to the Collateral as defined in the Loan Agreement. (*See* Hamilton Aff. ¶ 14 and Exh. D: UCC Financing Statement.)

The Loan Agreement further lists several events of default under the Loan Agreement, including the "the failure to make any payment of the Indebtedness and, except for a failure to pay at the maturity date, such failure continues for 10 days after it first becomes due." (*See* Hamilton Aff. ¶ 15 and Exh. A at § 23.) The Loan Agreement provides that "upon the occurrence of an Event of Default, Lender may at its option," declare all remaining sums due under the Loan immediately due and payable, charge interest at the default rate, and exercise all of Bank of America's rights as a secured party. (*See* Hamilton Aff. ¶ 16 and Exh. A. at § 24.B.)

The advances made under the Loan Agreement were converted to a permanent loan on September 6, 2012 when the parties executed a Final Disbursement, Change & Repayment

Schedule (the "**Final Disbursement**"). (*See* Hamilton Aff. ¶ 17 and Exh. E: Final Disbursement.) The Final Disbursement provides that the principal amount of the loan is $643,461.59 with a term of 180 months at a fixed interest rate of 8.25%. (*See* Hamilton Aff. ¶ 18 and Exh. E.)

Borrower defaulted under the Loan Agreement by failing to pay the monthly installment due February 2014 and the monthly installments due thereafter. (*See* Hamilton Aff. ¶ 19.) In accordance with Section 24.A of the Loan Agreement, on May 6, 2014, Bank of America provided written notice of default to Borrower and Guarantors, giving them an opportunity to cure the payment default. (*See id.* ¶ 20.) Borrower and Guarantors did not cure the default, and as a result, on June 9, 2014, Bank of America exercised its right to accelerate all sums due under the Loan Agreement. (*See id.* ¶ 21.) Borrower and Guarantors, however, have not paid the amounts due under the Loan Agreement. (*See id.* ¶ 22.)

**B.     The Parties' Forbearance Agreements.**

In light of the default under the Loan Agreement described above, Bank of America accommodated a request by Borrower to forbear from exercising its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 23.) More particularly, Bank of America and Borrower executed a Forbearance Agreement dated October 10, 2014 (the "**Forbearance Agreement**"). (*See* Hamilton Aff. ¶ 24 and Exh. F: Forbearance Agreement.) The forbearance period under the Forbearance Agreement expired on October 31, 2014. (*See* Hamilton Aff. ¶ 25 and Exh. F at § 1.1.) Further, in the Forbearance Agreement, Borrower expressly acknowledged that the total amount of the debt owed by Borrower as of September 30, 2014 was $694,995.28. (*See* Hamilton Aff. ¶ 26 and Exh. F at § 3.1.)

After the forbearance period set forth in the Forbearance Agreement expired, Borrower again requested that Bank of America continue to forbear from exercising its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 27.) Accordingly, the parties executed an Amendment to Loan Documents dated December 17, 2014 (the "**First Amendment to Forbearance Agreement**"). (*See* Hamilton Aff. ¶ 28 and Exh. G: First Amendment to Forbearance Agreement.) In the First Amendment to Forbearance Agreement, Borrower again acknowledged that the total debt owed by Borrower to Bank of America was $699,227.35 as of December 17, 2014. (*See* Hamilton Aff. ¶ 29 and Exh. G at Recitals E.) Further, in the First Amendment to Forbearance Agreement, the forbearance period was extended to February 28, 2015. (*See* Hamilton Aff. ¶ 30 and Exh. G at § 1.1.) Borrower further agreed to make one final payment of the entire amount owed by the expiration of the forbearance period, i.e, by February 28, 2015. (*See* Hamilton Aff. ¶ 31 and Exh. G at § 2.1.)

After the extended forbearance period expired on February 28, 2015, Borrower again requested that Bank of America continue to forbear from exercising its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 32.) As such, the parties executed a Second Amendment to Forbearance Agreement dated April 3, 2015 (the "**Second Amendment to Forbearance Agreement**"). (*See* Hamilton Aff. ¶ 33 and Exh. H: Second Amendment to Forbearance Agreement.) In the Second Amendment to Forbearance Agreement, Borrower acknowledged that the amount of the debt owed to Bank of America was $693,120.17 as of April 3, 2015. (*See* Hamilton Aff. ¶ 34 and Exh. H at Recitals F, G.) Further, the forbearance period was extended to the last business day of July 2015, at which time the entire unpaid balance was due and payable in full. (*See* Hamilton Aff. ¶ 35 and Exh. H at § 2.3.)

### C. Loan Modification Agreement.

Borrower did not pay the unpaid balance due by the extended forbearance period, i.e, by the last business day of July 2015. (*See* Hamilton Aff. ¶ 36.) The parties then entered into a Loan Modification Agreement dated August 31, 2015 (the "**Modification Agreement**"). (*See* Hamilton Aff. ¶ 37 and Exh. I: Modification Agreement.) The Modification Agreement provides that the maturity date of the loan is extended to February 28, 2016, at which point all unpaid principal, interest, and expenses shall be due payable in full. (*See* Hamilton Aff. ¶ 38 and Exh. I at § 1.1.) Aside from the provisions set forth in the Modification Agreement, all other provisions of the original Loan Agreement remained in full force and effect. (*See* Hamilton Aff. ¶ 39 and Exh. I at § 1.)

Borrower did not pay the unpaid balance by the maturity date of February 28, 2016 set forth in the Modification Agreement. (*See* Hamilton Aff. ¶ 40.) Consequently, by letter dated March 4, 2016, Bank of America (through counsel) notified Borrower and Guarantors of the default and provided Borrower and Guarantors 30 days to pay all sums due under the Loan Agreement. (*See* Hamilton Aff. ¶ 41 and Exh. J: March 4, 2016 letter.) Borrower and Guarantor have not paid the remaining amounts owed under the Loan Agreement, thus prompting this lawsuit. (*See* Hamilton Aff. ¶ 42.)

As of May 31, 2016, the amount due from, and unpaid by Borrower and Guarantors, is as follows:

| | |
|---|---|
| Unpaid principal | $672,736.97 |
| Interest | $29,809.29 |
| Late Fees | $6,520.62 |
| **Total** | **$709,066.88** |

plus interest accruing thereafter at the daily rate of $154.16, together with late charges, attorneys' fees, expenses and costs that accrued as of May 31, 2016, and that continue to accrue

thereafter, until all obligations of Borrower and Guarantors to Bank of America under the Loan Agreement are paid in full. (*See* Hamilton Aff. ¶ 43.)

        **D.**      **Attorneys' Fees.**

The Loan Agreement expressly allows for the recovery of attorneys' fees incurred to collect sums due under the Loan Agreement. (*See* Hamilton Aff. ¶ 44 and Exh. A at § 22 (allowing for "reasonable fees and costs of attorneys employed by Lender for any purposed related to this Agreement or the Indebtedness including consultation, drafting documents, sending notices or instituting, prosecuting or defending nay proceedings").) Bank of America has engaged the law firm of McGlinchey Stafford, PLLC to enforce its rights under the Loan Agreement, the Modification Agreement, and related agreements and to institute these proceedings to collect the amounts due, and seek the recognition of Bank of America's security interest under the Loan Agreement. (*See* Hamilton Aff. ¶ 45.)

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure states that "a party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense on which summary judgment is sought." *See* Fed. R. Civ. P. 56(a); *see also Jones v. State Farm Mut. Auto Ins. Co.*, 791 F.3d 447, 451 (5th Cir. 2013). And "the court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). In that regard, "a genuine dispute about a material fact exists when the evidence presented on summary judgment is such that a reasonable jury could find in favor of the non-moving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "the party moving for summary judgment bears the burden of identifying the portions of the record that demonstrate the absence

of a genuine issue of material facts." *See EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009) (citing *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007)).

In this case, Bank of America seeks summary judgment on its claims under the Loan Agreement executed by Borrower and the Guaranty executed by Guarantors. Indeed, courts have noted that "suits to enforce promissory notes are especially appropriate for disposition by summary judgment." *See Lasmot Realty Corp. v. Eye, Ear, Nose & Throat Hosp.*, No. 90-4190, 1993 WL 218247, at *1 (E.D. La. June 15, 1993) (citing *Resolution Trust Corp. v. Marshall*, 939 F.2d 274 (5th Cir. 1991)).

## **ARGUMENT**

### A. Borrower and Guarantor Are Liable For the Amounts Owed Under the Loan Agreement.

In this case, there is no dispute that Borrower executed the Loan Agreement on May 1, 2011 and that the loan was converted to a permanent loan on September 6, 2012. (*See* Hamilton Aff. ¶¶ 3, 17 and Exhs. A, E.). Moreover, there is no dispute that Guarantors executed a binding Guaranty in which they guaranteed Borrower's obligations to Bank of America. (*See* Hamilton Aff. ¶ 5 and Exh. A at Guaranty.) In addition, after Borrower defaulted under the terms of the Loan Agreement, the parties executed a series of forbearance agreements in which Borrower and Guarantors acknowledged their default under the Loan Agreement and acknowledged the amounts owed. (*See* Hamilton Aff. ¶¶ 23-35 and Exhs. F, G, H.) The parties further executed a Modification Agreement that provided for a maturity date of February 28, 2016, but Borrower neglected to pay the entire amount due by that date. (*See* Hamilton Aff. ¶ 36-42 and Exh. I.)

Under these circumstances, the Loan Agreement and the Guaranty are binding on, and enforceable, against Borrower and Guarantors. *See Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989) (unless specifically denied in pleadings, each signature on an instrument is admitted

and holder thus makes out case by mere production of instrument); *Dulin v. Levis Mitsubishi, Inc.*, 2001-2457 (La. App. 1st Cir. 12/20/02), 836 So. 2d 340, 345 ("A person who signs a written contract is presumed to know its contents and cannot avoid its obligations by contending he did not read it or that it was not explained or that he did not understand it"), *writ denied*, 2003-0218 (La. 3/28/03), 840 So. 2d 576; *Griffin v. Lago Espanol, L.L.C.*, 2000-2544 (La. App. 1st Cir. 2/15/02), 808 So. 2d 833, 840 (same); *Boh Bros. Constr. Co. v. Price*, 2000-2233 (La. App. 4th Cir. 8/29/01), 800 So. 2d 898, 902, *writ denied*, 2001-2623 (La. 12/14/01), 804 So. 2d 634.

Thus, it is undisputed that Borrower owes Bank of America the amounts due under the Loan Agreement. Likewise, it is undisputed that Guarantors unconditionally guaranteed Borrower's obligations, which means that Guarantors are personally liable for Borrower's breach of the Loan Agreement. *See* La. Civ. Code art. 3035 (suretyship, or guarantee, is "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so"); La. Civ. Code art. 3036 (a suretyship, or guarantee, "may be established for any lawful obligation . . . [t]he principal obligation may be subject to a term or condition, may be presently existing, or arise in the future"); La. Civ. Code art. 3039 ("[s]uretyship is established upon receipt by the creditor of the writing evidencing the surety's obligation . . . [and t]he creditor's acceptance is presumed and no notice of acceptance is required"); *Guar. Bank & Trust Co. v. Jones*, 489 So. 2d 368, 369-70 (La. App. 5th Cir. 1986) (contract of guaranty, or suretyship, is to be enforced as a contract in general); *FDIC v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) (guaranty agreements guaranteeing "'any and all existing and future indebtedness and liability of any kind … from [debtor] to the Bank … howsoever and whenever created, or advised, or evidenced, or acquired'"

were unambiguous and warranted summary judgment against guarantors, including for future debts).

Further, there is no dispute that Borrower defaulted under the Loan Agreement. (*See* Hamilton Aff. ¶¶ 19-42 and Exhs. F, G, H, I.) Despite demand by Bank of America, neither Borrower nor Guarantor have paid any amounts to cure Borrower's default under the Loan Agreement. (*See* Hamilton Aff. ¶¶ 19-42.) Also, there is no dispute as to the amounts owed by Borrower and Guarantor, as evidenced by the Hamilton Affidavit, the amounts owed under the Amended Loan Agreement as of May 31, 2016 are as follows:

| | |
|---|---|
| Unpaid principal | $672,736.97 |
| Interest | $29,809.29 |
| Late Fees | $6,520.62 |
| **Total** | **$709,066.88** |

plus interest accruing thereafter at the daily rate of $154.16, together with late charges, attorneys' fees, expenses and costs that accrued as of May 31, 2016, and that continue to accrue thereafter, until all obligations of Borrower and Guarantors to Bank of America under the Loan Agreement are paid in full. (*See* Hamilton Aff. ¶ 43.)

Under these circumstances, Bank of America is entitled to summary judgment as a matter of law. Indeed, this Court recently granted summary judgment to Bank of America in a similar matter involving a similar professional practice loan. *See Bank of America, N.A. v. Garden District Pet Hospital, Inc.*, No. 15-1386, 2016 WL 952250 (E.D. La. March 14, 2016) (granting summary judgment in favor of Bank of America for collection claims against borrower and guarantor). Accordingly, Bank of America requests that this Court grant summary judgment in its favor and against Borrower and Guarantor for the amounts owed under the Loan Agreement.

### B. Borrower and Guarantor Are Liable for Bank of America's Attorneys' Fees As Allowed by the Loan Agreement and the Guaranty.

In addition, it is undisputed that Loan Agreement provides that Borrower shall pay the attorneys' fees and expenses incurred by Bank of America in enforcing its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 44 and Exh. A at § 22.) Bank of America has retained the McGlinchey Stafford law firm to institute these proceedings and to collect the sums due Bank of America under the Loan Agreement and Guaranty. (*See* Hamilton Aff. ¶ 45.)

Under these circumstances, Bank of America is entitled to recover from Borrower and Guarantors, *in solido*, the attorneys' fees incurred in connection with this suit and the collection of the amounts owed by Borrower and Guarantor. *See* La. Civ. Code art. 2000 ("If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney's fees in a fixed or determinable amount, the obligee is entitled to that amount as well"); *Stewart & Stevenson Servs., Inc. v. Superior Boat Works, Inc.*, Nos. 94-2332, 94-2693, 1996 WL 470642, at *7-8 (E.D. La. Aug. 16, 1996) (attorney's fee provision in guarantee agreements enforceable); *CIT Group/Equip. Fin., Inc. v. Airport Shuttle Inc.*, No. 06-3272, 2008 WL 393696, at *1 (E.D. La. Feb. 11, 2008) (same).

## **CONCLUSION**

For the foregoing reasons, Bank of America, N.A. prays that, pursuant to Federal Rule of Civil Procedure 56, this Court:

1.    Grant summary judgment in favor of Bank of America, N.A. and against Defendants, A World of Smiles, LLC f/k/a Kids 2 Adults Dental, LLC, Brigette N. Jones, and Norman L. McGeathy III, jointly, severally and *in solido*, in the following amounts:

    a.    Unpaid principal in the amount of $672,736.97;

    b.    Accrued but unpaid interest in the amount of $29,809.29 as of May 31, 2016;

    c.    Late Fees of $6,520.62; and

    d.    Interest and late charges accruing after May 31, 2016, together with all costs, fees (including attorneys' fees), expenses and charges that have accrued as of, and continue to accrue after May 31, 2016, until all of the indebtedness of A World of Smiles, LLC f/k/a Kids 2 Adults Dental LLC, Brigette Jones, and Norman McGeathy III is paid to Bank of America, N.A. in full; and

2.    Grant summary judgment in favor of Bank of America, N.A. recognizing the enforceability of the security interests created by the Loan Agreement executed by World of Smiles, LLC.

Respectfully submitted,

/s/ Gabriel A. Crowson
Gabriel A. Crowson, T.A. (#28009)
Mark R. Deethardt (#34511)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Fax: (504) 596-2800

*Counsel for Plaintiff, Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically and served on all counsel of record, via the Court's CM/ECF system, this 2nd day of June, 2016.

/s/ Gabriel A. Crowson
Gabriel A. Crowson
