UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 16-02874 |
| | * | |
| VERSUS | * | Judge Nannette Jolivette Brown |
| | * | |
| A WORLD OF SMILES, LLC f/k/a | * | Magistrate Judge Sally Shushan |
| KIDS 2 ADULTS DENTAL LLC, | * | |
| BRIGETTE N. JONES McGEATHY, and | * | Section G(1) |
| NORMAN L. McGEATHY III | * | |
| | * | |
| Defendants. | * | |
| | * | |

*********************************************

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff, Bank of America, N.A. ("**Bank of America**"), respectfully submits this Statement of Undisputed Material Facts in connection with its Motion for Summary Judgment. Bank of America states as follows:

**A.     Borrower's Default Under Original Project Finance Term Loan Agreement.**

1.     On May 1, 2011, Brigette N. Jones and Norman L. McGeathy III, as representatives of the borrowing entity, executed a Project Finance Term Loan Agreement (the "**Loan Agreement**") with Bank of America in the principal amount of $600,000.  (*See* Affidavit of Roger Hamilton (the "Hamilton Aff.") ¶ 3 and attached Exhibit A.)

2.     The Loan Agreement states that it "is a promissory note, security agreement and guaranty, all of which are to be construed together and binding upon the parties."  (*See* Hamilton Aff. ¶ 4 and Exh. A at p. 1.)

1

3. In conjunction with the Loan Agreement, Guarantors unconditionally guaranteed the payment of all Indebtedness owed by Borrower under the Loan Agreement. (*See* Hamilton Aff. ¶ 5 and Exh. A at Guaranty § 1.)

4. The Loan Agreement provides that Bank of America would make advances to Borrower up to the loan amount of $600,000 for the purpose of financing the operation, refurbishment, of Borrower's professional dental practice (defined in the Loan Agreement as the "Project"). (*See* Hamilton Aff. ¶ 6 and Exh. A at §§ 4, 47(v).)

5. The borrower identified in the Loan Agreement was initially listed as Jones, McGeathy, DDS. (*See* Hamilton Aff. ¶ 7 and Exh. A.)

6. In a Change Notification and Acknowledgment dated July 26, 2011, the borrowing entity was changed from Jones, McGeathy, DDS to Kids 2 Adults Dental, LLC. (*See* Hamilton Aff. ¶ 8 and Exh. B: Change Notification and Acknowledgement.)

7. Subsequently, in another Change Notification and Acknowledgment dated April 3, 2012, the borrowing entity was changed from Kids 2 Adults Dental, LLC to A World of Smiles, LLC (hereafter "**Borrower**"). (*See* Hamilton Aff. ¶ 9 and Exh. C: Change Notification and Acknowledgment.)

8. The Loan Agreement contemplates a Project Closing Date at which point the loan would be converted to a permanent loan. (*See* Hamilton Aff. ¶ 10 and Exh. A at §§ 3, 47(w).)

9. The Loan Agreement also provides that "if any monthly payment is not paid on or before the ninth (9th) day after the Payment Date a late charge will be assessed on the account of Borrower for the indebtedness in an amount equal to the greater of: (a) $0.15 per dollar of any late Monthly Payment, or (b) $15.00." (*See* Hamilton Aff. ¶ 11 and Exh. A at § 12.1.)

10. In the Loan Agreement, Borrower granted Bank of America "a security interest in the Collateral and the proceeds of the Collateral to secure payment and performance of the Indebtedness." (*See* Hamilton Aff. ¶ 12 and Exh. A at § 14.)

11. The Loan Agreement defined "Collateral" to include "all of the business personal and business assets of Borrower, and if, applicable, any Guarantor, wherever located, and now owed or hereafter acquired." (*See* Hamilton Aff. ¶ 13 and Exh. A at § 47.)

12. To perfect its security interest, Bank of America filed a UCC Financing Statement with respect to the Collateral as defined in the Loan Agreement. (*See* Hamilton Aff. ¶ 14 and Exh. D: UCC Financing Statement.)

13. The Loan Agreement further lists several events of default under the Loan Agreement, including the "the failure to make any payment of the Indebtedness and, except for a failure to pay at the maturity date, such failure continues for 10 days after it first becomes due." (*See* Hamilton Aff. ¶ 15 and Exh. A at § 23.)

14. The Loan Agreement provides that "upon the occurrence of an Event of Default, Lender may at its option," declare all remaining sums due under the Loan immediately due and payable, charge interest at the default rate, and exercise all of Bank of America's rights as a secured party. (*See* Hamilton Aff. ¶ 16 and Exh. A. at § 24.B.)

15. The advances made under the Loan Agreement were converted to a permanent loan on September 6, 2012 when the parties executed a Final Disbursement, Change & Repayment Schedule (the "**Final Disbursement**"). (*See* Hamilton Aff. ¶ 17 and Exh. E: Final Disbursement.)

16. The Final Disbursement provides that the principal amount of the loan is $643,461.59 with a term of 180 months at a fixed interest rate of 8.25%. (*See* Hamilton Aff. ¶ 18 and Exh. E.)

17. Borrower defaulted under the Loan Agreement by failing to pay the monthly installment due February 2014 and the monthly installments due thereafter. (*See* Hamilton Aff. ¶ 19.)

18. In accordance with Section 24.A of the Loan Agreement, on May 6, 2014, Bank of America provided written notice of default to Borrower and Guarantors, giving them an opportunity to cure the payment default. (*See id.* ¶ 20.)

19. Borrower and Guarantors did not cure the default, and as a result, on June 9, 2014, Bank of America exercised its right to accelerate all sums due under the Loan Agreement. (*See id.* ¶ 21.)

20. Borrower and Guarantors, however, have not paid the amounts due under the Loan Agreement. (*See id.* ¶ 22.)

B. **The Parties' Forbearance Agreements.**

21. In light of the default under the Loan Agreement described above, Bank of America accommodated a request by Borrower to forbear from exercising its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 23.)

22. More particularly, Bank of America and Borrower executed a Forbearance Agreement dated October 10, 2014 (the "**Forbearance Agreement**"). (*See* Hamilton Aff. ¶ 24 and Exh. F: Forbearance Agreement.)

23. The forbearance period under the Forbearance Agreement expired on October 31, 2014. (*See* Hamilton Aff. ¶ 25 and Exh. F at § 1.1.)

24. Further, in the Forbearance Agreement, Borrower expressly acknowledged that the total amount of the debt owed by Borrower as of September 30, 2014 was $694,995.28. (*See* Hamilton Aff. ¶ 26 and Exh. F at § 3.1.)

25. After the forbearance period set forth in the Forbearance Agreement expired, Borrower again requested that Bank of America continue to forbear from exercising its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 27.)

26. Accordingly, the parties executed an Amendment to Loan Documents dated December 17, 2014 (the "**First Amendment to Forbearance Agreement**"). (*See* Hamilton Aff. ¶ 28 and Exh. G: First Amendment to Forbearance Agreement.)

27. In the First Amendment to Forbearance Agreement, Borrower again acknowledged that the total debt owed by Borrower to Bank of America was $699,227.35 as of December 17, 2014. (*See* Hamilton Aff. ¶ 29 and Exh. G at Recitals E.)

28. Further, in the First Amendment to Forbearance Agreement, the forbearance period was extended to February 28, 2015. (*See* Hamilton Aff. ¶ 30 and Exh. G at § 1.1.)

29. Borrower further agreed to make one final payment of the entire amount owed by the expiration of the forbearance period, i.e, by February 28, 2015. (*See* Hamilton Aff. ¶ 31 and Exh. G at § 2.1.)

30. After the extended forbearance period expired on February 28, 2015, Borrower again requested that Bank of America continue to forbear from exercising its rights under the Loan Agreement. (*See* Hamilton Aff. ¶ 32.)

31. As such, the parties executed a Second Amendment to Forbearance Agreement dated April 3, 2015 (the "**Second Amendment to Forbearance Agreement**"). (*See* Hamilton Aff. ¶ 33 and Exh. H: Second Amendment to Forbearance Agreement.)

32. In the Second Amendment to Forbearance Agreement, Borrower acknowledged that the amount of the debt owed to Bank of America was $693,120.17 as of April 3, 2015. (*See* Hamilton Aff. ¶ 34 and Exh. H at Recitals F, G.)

33. Further, the forbearance period was extended to the last business day of July 2015, at which time the entire unpaid balance was due and payable in full. (*See* Hamilton Aff. ¶ 35 and Exh. H at § 2.3.)

    **C.**    **Loan Modification Agreement.**

34. Borrower did not pay the unpaid balance due by the extended forbearance period, i.e, by the last business day of July 2015. (*See* Hamilton Aff. ¶ 36.)

35. The parties then entered into a Loan Modification Agreement dated August 31, 2015 (the "**Modification Agreement**"). (*See* Hamilton Aff. ¶ 37 and Exh. I: Modification Agreement.)

36. The Modification Agreement provides that the maturity date of the loan is extended to February 28, 2016, at which point all unpaid principal, interest, and expenses shall be due payable in full. (*See* Hamilton Aff. ¶ 38 and Exh. I at § 1.1.)

37. Aside from the provisions set forth in the Modification Agreement, all other provisions of the original Loan Agreement remained in full force and effect. (*See* Hamilton Aff. ¶ 39 and Exh. I at § 1.)

38. Borrower did not pay the unpaid balance by the maturity date of February 28, 2016 set forth in the Modification Agreement. (*See* Hamilton Aff. ¶ 40.)

39. Consequently, by letter dated March 4, 2016, Bank of America (through counsel) notified Borrower and Guarantors of the default and provided Borrower and Guarantors 30 days

to pay all sums due under the Loan Agreement. (*See* Hamilton Aff. ¶ 41 and Exh. J: March 4, 2016 letter.)

40. Borrower and Guarantor have not paid the remaining amounts owed under the Loan Agreement, thus prompting this lawsuit. (*See* Hamilton Aff. ¶ 42.)

41. As of May 31, 2016, the amount due from, and unpaid by Borrower and Guarantors, is as follows:

| | |
|---|---|
| Unpaid principal | $672,736.97 |
| Interest | $29,809.29 |
| Late Fees | $6,520.62 |
| **Total** | **$709,066.88** |

plus interest accruing thereafter at the daily rate of $154.16, together with late charges, attorneys' fees, expenses and costs that accrued as of May 31, 2016, and that continue to accrue thereafter, until all obligations of Borrower and Guarantors to Bank of America under the Loan Agreement are paid in full. (*See* Hamilton Aff. ¶ 43.)

**D.   Attorneys' Fees.**

42. The Loan Agreement expressly allows for the recovery of attorneys' fees incurred to collect sums due under the Loan Agreement. (*See* Hamilton Aff. ¶ 44 and Exh. A at § 22 (allowing for "reasonable fees and costs of attorneys employed by Lender for any purposed related to this Agreement or the Indebtedness including consultation, drafting documents, sending notices or instituting, prosecuting or defending nay proceedings").)

43. Bank of America has engaged the law firm of McGlinchey Stafford, PLLC to enforce its rights under the Loan Agreement, the Modification Agreement, and related agreements and to institute these proceedings to collect the amounts due, and seek the recognition of Bank of America's security interest under the Loan Agreement. (*See* Hamilton Aff. ¶ 45.)

        Respectfully submitted,

        /s/ Gabriel A. Crowson
        Gabriel A. Crowson, T.A. (#28009)
        Mark R. Deethardt (#34511)
        **McGlinchey Stafford, PLLC**
        601 Poydras Street, 12th Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 586-1200
        Fax: (504) 596-2800

        *Counsel for Plaintiff, Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served on all counsel of record, via the Court's CM/ECF system this 2nd day of June, 2016.

        /s/ Gabriel A. Crowson
        Gabriel A. Crowson