UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BANK OF AMERICA, N.A.                          CIVIL ACTION

VERSUS                                         NO. 16-2874

WORLD OF SMILES, et al.                        SECTION: "G"(1)

<u>ORDER</u>

Pending before the Court is Plaintiff Bank of America, N.A.'s ("Bank of America") "Motion for Summary Judgment."[1] Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion for summary judgment.

<u>I. Background</u>

*A.     Factual Background*

In this collection action, Bank of America seeks to recover amounts that it alleges are due to it under a loan it extended to A World of Smiles, LLC ("World of Smiles").[2] Bank of America has sued Defendant World of Smiles as the defaulting borrower and Defendants Brigette N. Jones ("Jones") and Norman L. McGeathy, III ("McGeathy") as the borrower's guarantors.[3] On March 28, 2011, Bank of America executed a Project Finance Term Loan Agreement ("Loan

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1 at 3. The original Loan Agreement listed the borrower as "Jones, McGeathy, DDS." The parties later executed change notification and acknowledgements changing the borrower's legal name to "Kids 2 Adult, LLC" and eventually changing the borrower's legal name again to "A World of Smiles, LLC." *See* Rec. Doc. 8-5 at 17–19. The parties do not dispute that the Loan Agreement has been modified so that World of Smiles is now the borrower under the Loan Agreement.

[3] *Id.*

1

Agreement") in favor of the borrower.[4] By its terms, the Loan Agreement includes a promissory note, a security agreement, and a guaranty agreement, "all of which are to be construed together and are binding on the parties."[5]

The Loan Agreement provides that Bank of America will make advances to the borrower in amounts up to $600,000 for the purpose of financing the borrower's dental practice.[6] The Loan Agreement also contemplates a "Project Closing Date," at which point the advances are converted into a permanent loan, which must be repaid in monthly installments.[7] Several events of default are set forth in the Loan Agreement, including the "failure to make any payment of the Indebtedness."[8] The Loan Agreement also contains an acceleration clause, which provides that in the event of default, Bank of America has the option to declare all remaining amounts due under the Loan Agreement immediately due and payable, charge interest at the default rate, and exercise all of Bank of America's rights as a secured party.[9] The Loan Agreement also contains a provision allowing the collection of late fees in the event of late payments.[10]

Jones and McGeathy signed the Loan Agreement as the borrower's authorized representatives.[11] In connection with the Loan Agreement, Jones and McGeathy also signed a guaranty agreement, in which they each "absolutely, unconditionally, jointly and severally"

---

[4] *See* Rec. Doc. 8-5 at 1.

[5] *Id.*

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.* at 6.

[9] *Id.* at 7.

[10] *Id.* at 4.

[11] *Id.* at 13.

guaranteed the payment of all indebtedness of the borrower when due.[12] The guaranty provides that it is a "continuing guaranty" and may not be terminated by the guarantors until all indebtedness has been paid in full.[13]

Under the Loan Agreement, the borrower also granted Bank of America a security interest in the "Collateral and the proceeds of the Collateral to secure payment and performance of the Indebtedness."[14] "Collateral" is defined in the Loan Agreement as "all of the business personal property and business assets of Borrower, and if applicable, Guarantor . . . now owned or hereafter acquired . . . ."[15] The Loan Agreement goes on to list several specific types of business personal property and business assets.[16]

On September 6, 2012, the advances under the Loan Agreement were converted into a permanent loan in the principal amount of $643,461.59 with a term of 180 months and a fixed interest rate of 8.24 percent annually.[17] Bank of America and World of Smiles executed a "Final Disbursement, Change, and Repayment Schedule" which set forth the terms of the final loan and was "merged into" and became part of the Loan Agreement.[18] After the loan became permanent, World of Smiles defaulted under the Loan Agreement in February 2014.[19] The parties executed a

---

[12] *Id.* at 14.

[13] *Id.*

[14] *Id.* at 4.

[15] *Id.* at 11.

[16] The specific types of collateral listed in the Loan Agreement include: accounts, chattel paper, goods and inventory, equipment, instruments, investment property, documents, deposit returns, supporting obligations, fixtures, purchase money security interest, and the borrower's or guarantor's rights in all patient lists, files and records, books, and data relating to any of the collateral identified in the provision. *See* Rec. Doc. 8-5 at 11.

[17] *See* Rec. Doc. 8-5 at 24.

[18] *Id.*

[19] *See id.* at 27.

forbearance agreement, as well as amendments to the forbearance agreement, such that Bank of America agreed to forbear from exercising its rights under the Loan Agreement until the last business day of July 2015.[20]

After Defendants failed to pay the unpaid balance by that time, on August 31, 2015, the parties executed a Loan Modification Agreement in which the borrower acknowledged that the amount due under the Loan Agreement as of August 31, 2015, was $704,926.36, consisting of unpaid principal in the amount of $679,202.66, as well as unpaid interest.[21] The Loan Modification Agreement states that the maturity date of the loan is changed to February 28, 2016, at which time all unpaid principal, interest, fees, and expenses "shall be due and payable in full."[22] The Loan Modification Agreement also states that the interest rate is unchanged and remains 8.25 percent annually.[23] Defendants did not pay the full unpaid balance by the maturity date set forth in the Loan Modification Agreement. The parties do not dispute that Bank of America provided Defendants a written notice of default and an opportunity to cure on March 4, 2016.[24] Moreover, Defendants do not dispute that there is an "outstanding balance at this time" under the loan.[25] According to Bank of America, as of May 31, 2016, Defendants are liable to Bank of America for $672,736.97 in unpaid principal, as well as $29,809.29 in unpaid interest, and $6,520.62 in late

---

[20] *Id.* at 27, 37, 47.

[21] *Id.* at 53.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 60.

[25] *See* Rec. Doc. 9 at 2.

fees.[26] Bank of America further asserts that Defendants are liable for interest and late charges accruing after May 31, 2016, and for costs and attorneys' fees.[27]

## B.     Procedural Background

Bank of America filed a complaint in this matter on April 6, 2016.[28] Defendants filed an answer to the Complaint on May 31, 2016.[29] Bank of America filed the instant motion for summary judgment on June 2, 2016, seeking collection of unpaid sums and a judgment recognizing the validity and enforceability of the security interest granted by the Loan Agreement.[30] Defendants filed an opposition to the motion on June 14, 2016.[31] With leave of Court, Bank of America filed a reply memorandum on June 21, 2016.[32]

## II. Parties' Arguments

## A.     Bank of America's Arguments in Support of Summary Judgment

Bank of America contends that there are no genuine issues of material fact in this matter, and accordingly, it is entitled to summary judgment.[33] Bank of America asserts that there is no dispute that World of Smiles executed the Loan Agreement and that the loan was converted to a permanent loan on September 6, 2012.[34] Bank of America further asserts that there is no dispute

---

[26] Rec. Doc. 8-1 at 12.

[27] *Id.*

[28] Rec. Doc. 1.

[29] Rec. Doc. 7.

[30] Rec. Doc. 8.

[31] Rec. Doc. 9.

[32] Rec. Doc. 12.

[33] Rec. Doc. 8 at 1.

[34] Rec. Doc. 8-1 at 8 (citing Rec. Doc. 8-5).

that the parties executed a series of forbearance agreements in which World of Smiles and its guarantors, Jones and McGeathy, acknowledged the amounts owed.[35] Moreover, according to Bank of America, the amount due by the maturity date of February 28, 2016, was never paid.[36]

Bank of America argues that under these circumstances, the Loan Agreement and guaranty are binding on, and enforceable against, World of Smiles and its guarantors.[37] Moreover, Bank of America argues, it is undisputed that World of Smiles owed Bank of America the amounts due under the Loan Agreement and that the guarantors unconditionally guaranteed World of Smiles' obligations.[38] Thus, according to Bank of America, the guarantors are personally liable for World of Smiles' breach of the Loan Agreement.[39] Bank of America further argues that the amounts owed by World of Smiles and its guarantors are undisputed.[40] According to Bank of America, as of May 31, 2016, the amounts owed under the Amended Loan Agreement are as follows: $672,736.97 in unpaid principal; $29,809.29 in interest; and $6,520.62 in late fees.[41]

According to Bank of America, a court in the Eastern District of Louisiana recently granted summary judgment to Bank of America in a similar matter involving a similar professional practice loan.[42] Bank of America also asserts that it is entitled to attorneys' fees incurred in connection with

---

[35] *Id.*

[36] *Id*.

[37] *Id.* (citing *Am. Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989); *Dulin v. Levis Mitsubishi, Inc.*, 2001-2457 (La. App. 1st Cir. 1/20/02), 836 So.2d 340, 345; *Griffin v. Lago Espanol, LLC*, 2000-2544 (La. App. 1st Cir. 2/15/02), 808 So. 2d 833, 840; *Boh Bros. Constr. Co. v. Price*, 2000-2233 (La. App. 4th Cir. 8/29/01), 800 So. 2d 898, 902).

[38] *Id.* at 9.

[39] *Id.* (citing La. Civ. Code art. 3035; La. Civ. Code art. 3036; La. Civ. Code art. 3039; *Guar. Bank & trust Co. v. Jones*, 489 So. 2d 368, 369–70 (La. App. 5th Cir. 1986); *FDIC v. Cardinal Oil Well Serv. Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988)).

[40] *Id*. at 10.

[41] *Id.* (citing Rec. Doc. 8-4).

[42] *Id.* (citing *Bank of America, N.A. v. Garden Dist. Pet Hosp., Inc.*, No. 15-1386, 2016 WL 952250 (E.D.

this suit, because the Loan Agreement specifically provides for such fees.[43] Bank of America requests summary judgment in its favor holding that Defendants are liable for the amounts owed and recognizing the enforceability of the security interests created by the Loan Agreement executed by World of Smiles.[44]

## B.      Defendants' Arguments in Opposition to the Motion for Summary Judgment

In their opposition, Defendants acknowledge the execution of the Loan Agreement and admit that Jones and McGeathy personally guaranteed repayment of the loan.[45] Defendants note that subsequent to the initial loan, there were formal amendments to the financing agreement, "including change notifications, a conversion of the loan from a term loan to a permanent loan, forbearance agreements and a loan modification agreement."[46] Defendants also concede that there is an outstanding balance on the loan at this time but argue that summary judgment is premature.[47]

Defendants argue that "there are genuine issues of material fact in regard to the total resolution of the outstanding balance."[48] According to Defendants, Bank of America has failed to mitigate its purported damages in this case.[49] Defendants assert that prior to the instant suit, they tried to make a partial payment to Bank of America, but Bank of America rejected the partial

---

La. March 14, 2016)).

[43] *Id.* at 11 (citing La. Civ. Code art. 2000; *Steward & Stevenson Servs., Inc. v. Superior Boat Works, Inc.*, No. 94-2332, 94-2693, 1996 WL 470642, at *7–*8 (E.D. La. Aug. 16, 1996); *CIT Group/Equip. Fin., Inc. v. Airport Shuttle, Inc.*, No. 06-3272, 2008 WL 393696, at *1 (E.D. La. Feb. 11, 2008)).

[44] *Id.* at 12.

[45] Rec. Doc. 9 at 1.

[46] *Id.*

[47] *Id.* at 2.

[48] *Id.*

[49] *Id.*

payment.[50] Moreover, Defendants assert that they "have consistently cooperated in providing updated financial information to satisfy the underwriting concerns of [Bank of America]" but that Bank of America nevertheless "summarily ended negotiations" with Defendants.[51]

## C.   Bank of America's Reply in Further Support of its Motion for Summary Judgment

In reply, Bank of America argues that it satisfied its summary judgment burden and that Defendants' opposition raises no genuine issue of material fact to defeat summary judgment.[52] According to Bank of America, suits on unambiguous contracts, such as the Loan Agreement and guaranty in this case, are particularly well suited for summary judgment treatment.[53] Bank of America states that the Loan Agreement contains a choice of law provision that states that the Agreement will be governed by the internal laws of the state of the borrower's principal place of business, which in this case is Louisiana.[54]

Bank of America asserts that in order for it to prevail on an action to enforce a promissory note, a lender must prove: (1) the person against whom enforcement is sought executed the note; (2) the note is in default; (3) the lender is entitled to enforce the note; and (4) the outstanding amount of the debt.[55] Bank of America represents that in order to enforce a guaranty agreement, the lender must prove that the person against whom enforcement is sought executed the guaranty.[56]

---

[50] *Id.*

[51] *Id.* at 2–3.

[52] Rec. Doc. 12 at 2.

[53] *Id.* (citing *FDIC v. Cardinal Oil Well Serv. Co., Inc.*, 837 F.2d 1369, 1370–72 (5th Cir. 1998); *United States v. Grieshaber*, No. 00-460, 2000 WL 1357512, at *2 (E.D. La. Sept. 19, 2000)).

[54] *Id.* at 2 n.1 (citing Rec. Doc. 8-5).

[55] *Id.* at 2–3 (citing *Nat'l Collegiate Student Loan Trust 2003-1 v. Thomas*, 48-627 (La. App. 2d Cir. 11/20/13), 129 So. 3d 1231, 1233–34).

[56] *Id.* at 3 (citing *N & F Logistic, Inc. v. Cathay Inn Int'l, Inc.*, 14-835 (La. App. 5th Cir. 4/15/15), 170 So. 3d 275, 278).

8

Bank of America argues that Louisiana law is well settled that in a suit on a promissory note, the creditor makes out a *prima facie* case of its claim to enforce the note by producing the note sued upon,[57] and the same principle applies in the context of an action to enforce a guaranty.[58] According to Bank of America, upon the production of the note and guaranty agreement, the burden of proof shifts to the debtor to establish the nonexistence, extinguishment, or variance in the payment of the obligation,[59] and absent such proof, summary judgment in favor of the plaintiff is appropriate.[60] Bank of America notes that Defendants readily concede that they executed the Loan Agreement and guaranty and that the Loan Agreement is currently in default.[61] Thus, Bank of America argues that it has not only made out a *prima facie* case to enforce the Loan Agreement against Defendants but has also established that there is no genuine issue of material fact regarding any of the elements necessary to enforce the Loan Agreement and guaranty under Louisiana law.[62]

Bank of America next argues that Defendants have not submitted summary judgment evidence to substantiate their alleged partial payments to Bank of America and the amounts of those payments.[63] Moreover, Bank of America argues that Defendants have not directed the Court to any provisions in the Loan Agreement or guaranty that contractually obligate Bank of America to accept Defendants' alleged partial payments when the entire balance on the Loan Agreement is

---

[57] *Id.* (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975); *United States v. Laurent*, No. 08-1566, 2009 WL 511250, at *1 (E.D. La. Feb. 27, 2009)).

[58] *Id.* (citing *Gulf Coast Bank and Trust Co. v. Elmore*, 2010-1237 (La. App. 4th Cir. 1/26/11), 57 So. 3d 553, 556).

[59] *Id.* (citing *Rettig v. Bruno*, No. 14-996, 2014 WL 4720506, at *2 (E.D. La. Sept. 22, 2014)).

[60] *Id.* (citing *United States v. Bertucci*, No. 00-0078, 2000 WL 1234560, at *2 (E.D. La. Aug. 29, 2000)).

[61] *Id.* (citing Rec. Doc. 9).

[62] *Id.* at 4 (citing *United States v. Laurent*, No. 08-1566, 2009 WL 511250, at *1 (E.D. La. Feb. 27, 2009)).

[63] *Id.* at 5.

due.[64] Bank of America asserts that courts have rejected similar attempts by borrowers to avoid summary judgment by putting forth unsubstantiated arguments that partial payment was attempted.[65] Bank of America argues that Defendants have failed to create any genuine issue of material fact regarding the amounts due under the Loan Agreement as set forth in Bank of America's uncontested summary judgment affidavit.[66] Moreover, Bank of America avers that Defendants have not shown that the Loan Agreement and guaranty are unenforceable.[67] Thus, Bank of America argues that the Court should grant summary judgment in its favor.[68]

## III. Law and Analysis

### A.  *Legal Standard*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[69] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[70] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[71]

---

[64] *Id.*

[65] *Id.* at 6 (citing *United States v. Grieshaber*, 2000 WL 1357512, at *2–*3).

[66] *Id.* (citing Rec. Doc. 8-4).

[67] *Id.*

[68] *Id.*

[69] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[70] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[71] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[72] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[73]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[74] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[75] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[76] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[77] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot

---

[72] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[73] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[74] *Celotex*, 477 U.S. at 323.

[75] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[76] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[77] *Little*, 37 F.3d at 1075.

be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[78]

**B.    *Analysis***

### 1.    Whether the Promissory Note and Guaranty are Enforceable

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[79] In support of its motion, Bank of America has produced the Loan Agreement, which established a project loan of $600,000 and which states that it "is a promissory note, security agreement and guaranty, all of which are to be construed together and are binding upon the parties hereto."[80] The Loan Agreement lists World of Smiles as the borrower and contains signatures of Jones and McGeathy as authorized signatories of the borrower.[81] The Loan Agreement also contains a guaranty, which contains signatures of Jones and McGeathy.[82] The guaranty states that "[e]ach Guarantor absolutely, unconditionally, jointly and severally guarantees the prompt payment when due of all indebtedness."[83]

The Loan Agreement states that at a "Project Closing Date," the advances made under the Loan Agreement would be converted to a permanent loan.[84] In support of its motion, Bank of

---

[78] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

[79]  *Celotex,* 477 U.S. at 323.

[80] Rec. Doc. 8-5 at 1.

[81] *Id.* at 19. The borrower identified in the Loan Agreement was originally Jones, McGeathy, DDS but through a Change Notification and Acknowledgment, was later changed to Kids 2 Adults Dental, LLC and finally, to World of Smiles. *See* Rec. Doc. 8-5 at 1, 17.

[82] *Id.* at 15.

[83] *Id.* at 14.

[84] *Id.* at 3.

12

America also submits a document titled "Final Disbursement, Change, and Repayment Schedule," ("Final Disbursement"), which sets forth the "final and permanent terms" for the Loan Agreement and which the parties executed on September 6, 2012.[85] The Final Disbursement states that the final and permanent terms are "merged into and become part of" the Loan Agreement.[86] The Final Disbursement provides that the principal amount of the loan is $643,461.59 with a term of 180 months at a fixed interest rate of 8.25 percent.[87] In further support of its motion, Bank of America submits the Loan Modification Agreement dated August 31, 2015.[88] The Loan Modification Agreement indicates that as of August 31, 2015, the amount due under the loan was $679,202.66 in unpaid principal, as well as unpaid interest at an unchanged rate of 8.25% per year.[89]

It is well settled that suits on promissory notes are suitable questions for disposition on summary judgment.[90] In a suit for a collection of a promissory note under Louisiana law,[91] the plaintiff establishes a *prima facie* case by establishing that the defendant executed the note and by producing the note.[92] Once the note is produced, the burden then shifts to the defendant to establish

---

[85] *Id.* at 24.

[86] *Id.*

[87] *Id.*

[88] *Id.* at 53.

[89] *Id.*

[90] *See Federal Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.3d 1369, 1371 (5th Cir. 1988) ("Typically, suits on promissory notes provide fit grist for the summary judgment mill.") (citing *Lloyd v. Lawrence*, 472 F.2d 313 (5th Cir. 1973)).

[91] The Loan Agreement dictates, and the parties do not dispute, that Louisiana law governs its enforceability. *See* Rec. Doc. 8-5 at 9.

[92] *See Am. Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989); *Dugas v. Modular Quarters, Inc.*, 88-1308 (La. App. 3 Cir. 4/18/1990) So.2d 192, 200.

any affirmative defenses.[93] This same rule applies to an action to enforce a guaranty.[94] "Once the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence."[95] Under Louisiana Revised Statute § 10:3-104, a valid negotiable instrument must "(a) be signed by the maker or drawer; and (b) contain an unconditional promise to pay a sum certain in money; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer."[96]

Here, Bank of America has produced the Loan Agreement, as well as the Loan Modification Agreement, which memorialized World of Smiles' promise to pay a set sum of $679,202.66 plus interest, fees, and expenses to Bank of America by February 28, 2016.[97] The Loan Modification Agreement also states that the guarantors consent to and join the amendment and contains the signatures of Jones and McGeathy as guarantors.[98] Defendants do not dispute the validity of their signatures.[99] Jones and McGeathy admit that they "executed a Project Finance

---

[93] *Saxena*, 553 So.2d at 842 ("When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."). *See also Dugas*, 561 So.2d at 200 ("Once the note is introduced into evidence, the burden of proof shifts to the debtor to establish the nonexistence, extinguishment, or variance in payment of the obligation") (internal citation omitted).

[94] *Gulf Coast Bank and Trust Co. v. Elmore*, 2010-1237 (La. App. 4 Cir. 1/26/11); 57 So. 3d 553, 556 (citing *Merchants Trust & Savings Bank v. Olano*, 87-179 (La. App. 5 Cir. 8/26/87), 512 So.2d 1218). *See also N&F Logistic, Inc. v. Cathay Inn Intern., Inc.*, 14-835 (La. App. 5 Cir. 4/15/15), 170 So.3d 275.

[95] *Pannagl v. Kelly*, 13-823 (La. App. 5 Cir. 5/14/14), 142 So. 3d 70, 74 (citing *Johnson v. Drury,* 99–608 (La. App. 5 Cir. 6/2/00), 763 So.2d 103, 109–110); *Premier Bank, Nat'l Association v. Percomex, Inc.,* 92-243 (La. App. 3 Cir. 3/3/93) 615 So. 2d 41; *Thomas v. Bryant,* 597 So.2d 1065 (La. App. 2nd Cir. 1992)). Under the Uniform Commercial Code, as adopted by Louisiana, a "holder" is the party who possesses an instrument issued to him or his order. La. Rev. Stat. § 10:1–201.

[96] *Id* (citing La. Rev. Stat. § 10:3–104).

[97] Rec. Doc. 8-5 at 53.

[98] *Id.* at 58.

[99] *See* Rec. Doc. 9 at 1.

Term Loan Agreement with the plaintiff" and that "as guarantors to the loan agreement," they "personally guaranteed repayment of the loan."[100] Moreover, Defendants do not present any evidence or legal authority to support a claim that the Loan Modification Agreement or guaranty is not valid.[101] Because Bank of America has produced the promissory note and guaranty, and Defendants admit to signing the note and guaranty, the Court finds that Bank of America is entitled to enforce payment of the promissory note and guaranty, unless Defendants can establish a defense by a preponderance of the evidence.[102]

Under Louisiana Revised Statute § 10:3-308, Defendants may successfully defeat summary judgment if they establish, by a preponderance of the evidence, the grounds of defenses raised in their Answer.[103] Louisiana Revised Statute § 10:3-305 permits raising any defenses that would be available against a simple contract enforcement suit.[104] Here, Defendants have failed to meet their burden to prove any of their raised defenses by a preponderance of the evidence.[105] Here, Defendants' Answer to the Complaint provides only a bare recital of several asserted defenses without factual evidence or argument offered in support.[106] In their opposition to

---

[100] *Id.*

[101] *Id.*

[102] "If the validity of signatures is admitted or proved and there is compliance with Subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under [La. Rev. Stat. §] 10:3-301, unless the defendant proves a defense or claim in recoupment." La. Rev. Stat. § 10:3-308.

[103] *See Wright v. Blue*, No. 16-9405, 2016 WL 4799102, at *4 (E.D. La. Sept. 13, 2016) (Brown, J.) (citing *Saxena*, 553 So. 2d at 842; *Bank of America Nat. Trust & Sav. Ass'n v. Reeves*, Nos. 94-2580, 94-3692, 1997 WL 537691, at *3 (E.D. La. Aug. 25, 1997) (Wilkinson, Mag.)).

[104] *See id.* If Bank of America is found to be a holder in due course, then Defendants are limited to asserting only "real" defenses provided for in Section 305. However, no party asserts that Bank of America is a holder in due course, and the record indicates that the promissory note was executed by the parties in favor of Bank of America.

[105] *Wright*, 2016 WL 4799102, at *4.

[106] Rec. Doc. 7 at 5–6. *See also Saxena*, 553 So. 2d at 846. The affirmative defenses raised in Defendants' Answer without any factual evidence in support are: (1) Bank of America's claim is barred under the doctrine fo waiver, ratification, estoppel, and unclean hands; (2) Bank of America has failed to mitigate its damages, including

summary judgment, it appears that Defendants argue that there are genuine issues of material fact regarding the outstanding balance under the Loan Agreement.[107] However, Defendants admit that there is an outstanding balance under the Loan Agreement and do not assert any facts or point to any evidence to contest Bank of America's evidence of the amount due. Rather, without pointing to any evidence in the record, Defendants assert that Bank of America rejected a partial payment from Defendants "prior to the lawsuit being filed."[108]

As the Fifth Circuit stated in *Galindo v. Precision American Corporation*, unsupported allegations of conclusory facts and conclusions of law are insufficient to defeat a summary judgment motion.[109] A party "may not rest upon mere allegations contained in the pleadings," but rather must articulate the specific facts showing the existence of a genuine issue of material fact for trial.[110] Here, Defendants have not articulated specific facts demonstrating that the amount due under the loan is in dispute. Even assuming that Defendants attempted to make a partial payment, Defendants have not pointed to any contractual provision that requires Bank of America to accept partial payment after default. The Loan Agreement expressly states that Bank of America *can* accept late or partial payments without losing any of its rights under the agreement.[111] However,

---

attorneys' fees; (3) Bank of America's claims were ratified "with express and tacit authorization by the plaintiff through the relationship between the parties"; (4) Defendants did not breach any duties owed to Bank of America under the agreement and under the law; and (5) the claims asserted are "subject to rights of set off, recoupment and compromise."

[107] Rec. Doc. 9 at 2.

[108] Rec. Doc. 9 at 2.

[109] 754 F.2d 1212, 1216 (5th Cir. 1985).

[110] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57 (1986)).

[111] Rec. Doc. 8-5 at 4. The Court notes that even if Defendants proved that Bank of America *had* accepted partial payment of the total amount due, Defendants could be entitled to credit for partial payment of the judgment but they would not be entitled to a reduction in the amount of the award. *See, e.g., Rheams v. McCray*, 11-260 (La. App. 1 Cir. 5/9/77), 346 So. 2d 834, 835, *writ denied*, 351 So. 2d 154 (La. 1977).

the Loan Agreement does not require Bank of America to do so. Therefore, the Court finds that Defendants have not met their burden to establish a defense to enforcement of the promissory note and guaranty by a preponderance of the evidence.

Based on the foregoing, the Court finds that there are no genuine issues of material fact in dispute here. Bank of America has submitted a valid promissory note and guaranty, and Defendants have not established any defenses to their enforcement by a preponderance of the evidence. Jones and McGeathy do not dispute that they executed the Loan Agreement as authorized signatories of World of Smiles and that as guarantors to the Loan Agreement, they personally guaranteed repayment of the loan.[112] Pursuant to the Loan Modification Agreement executed by the parties on August 31, 2015, the maturity date of the loan was extended to February 28, 2016, and on that date, "all unpaid principal, interest, fees and expenses" were "due and payable in full."[113]

Bank of America has submitted evidence that as of May 31, 2016, Defendants owe Bank of America $709,066.88, including $672,736.97 in unpaid principal, $29,809.29 in interest, $6,520.62 in late fees, plus attorneys' fees, and costs.[114] Defendants have admitted that there is "an outstanding balance at this time"[115] and have not submitted any evidence to contradict Bank of America's calculation of the amount due under the Loan Agreement. The Loan Agreement also provides that the borrower will pay reasonable attorney's costs and fees associated with "any

---

[112] Rec. Doc. 9 at 1.

[113] Rec. Doc. 8-5 at 53.

[114] *See* Rec. doc. 8-4 at 7.

[115] Rec. Doc. 9 at 2.

17

purpose related to" the Loan Agreement.[116] After Defendants failed to pay the full amount due by the maturity date of February 28, 2016, Bank of America retained counsel to assist in collecting the debt owed by Defendants.[117] Therefore, the Court finds that summary judgment in favor of Bank of America is warranted and Defendants shall pay Bank of America the sum of $709,066.88, plus interest and late fees from June 1, 2016, at a rate of 8.25% until paid, as well as attorney's fees and costs.

### 2.    Whether the Security Interest is Enforceable

Bank of America also requests summary judgment in its favor recognizing the enforceability of the security interest created by the Loan Agreement executed by World of Smiles, LLC.[118] A security interest is an interest in personal property or fixtures, created by contract, which secures payment or performance of an obligation.[119] A security interest is enforceable against the debtor and third parties with respect to the collateral if: (1) the secured party gives value; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and (3) the debtor has authenticated a security agreement that provides a description of the collateral.[120] In order to perfect a security interest, a financing statement must generally be filed in the clerk of court of any parish.[121] A financing agreement must contain the name of the debtor, the

---

[116] Rec. Doc. 8-5 at 6.

[117] Rec. Doc. 12-1 at 6; Rec. Doc. 8-5 at 60.

[118] Rec. Doc. 8-1 at 12.

[119] La. Rev. Stat. §10:1-201. *See also Autovest, LLC v. Nash*, 50-725 (La. App. 2 Cir. 6/22/16), 197 So. 3d 258, 262, *reh'g denied* (Aug. 4, 2016), *writ denied*, 2016-1644 (La. 11/18/16); *Sonnier v. Boudreaux*, 95-2127 (La. App. 1 Cir. 5/10/96), 67 So. 2d 713, 717 ("[A] writing or writings . . . which adequately describes the collateral, carries the signature of the debtor, and establishes that, in fact, a security interest was agreed upon, will satisfy the requirements of the statute.").

[120] *See* La. Rev. Stat. § 10:9-203(b)(1)–(3). *See also Autovest, LLC*, 197 So. 3d at 262.

[121] *See* La. Rev. Stats. §10: 9-310(a); § 10: 9-501(a)(4).

18

name of the secured party, and indicate the collateral covered by the financing statement.[122] Generally, the financing statement perfects the security interest for five years from the date of filing and may be continued by filing a continuation statement after four and a half years after the original financing statement has elapsed but before the five year period has finished.[123]

Here, Defendants do not dispute any facts regarding the security interest created by the Loan Agreement. Bank of America gave value to World of Smiles by lending it money.[124] The Loan Agreement executed by World of Smiles and guaranteed by Jones and McGeathy contains a provision that states that World of Smiles grants Bank of America a security interest in "the Collateral."[125] "Collateral" is defined in the Loan Agreement as "all of the business personal property and business assets of Borrower, and if applicable, Guarantor . . . now owned or hereafter acquired . . . ."[126] The Loan Agreement goes on to list several specific types of business personal property and business assets.[127] World of Smiles authenticated the security agreement through the signature of its authorized representatives, Jones and McGeathy.[128] Jones and McGeathy also authenticated the security agreement as guarantors.[129] On August 1, 2011, Bank of America

---

[122] *See* La. Rev. Stat. § 10-9-502(a).

[123] *See* La. Rev. Stat. §10:9-515(a), (e).

[124] *See generally* Rec. Doc. 8-5.

[125] *Id.* at 4.

[126] *Id.* at 11.

[127] The specific types of collateral listed in the Loan Agreement include: accounts, chattel paper, goods and inventory, equipment, instruments, investment property, documents, deposit returns, supporting obligations, fixtures, purchase money security interest, and the borrower's or guarantor's rights in all patient lists, files and records, books, and data relating to any of the collateral identified in the provision. *See* Rec. Doc. 8-5 at 11.

[128] *See* Rec. Doc. 8-5 at 13. *See also Autovest, LLC*, 197 So. 3d at 262 ("Authenticate means to sign; or to execute or otherwise adopt a symbol, or encrypt or similarly process a record in whole or in part, with the present intent of the authenticating person to identify the person and adopt or accept a record.") (citing La. Rev. Stat. § 10:9-102).

[129] *See* Rec. Doc. 8-5 at 14.

perfected the security interest by filing a financing statement in Caddo Parish that contained the name of the secured party, the name of the debtor, and indicated the collateral covered by the security agreement.[130] On February 18, 2016, Bank of America timely filed a continuation statement in Caddo Parish.[131] Thus, the Court finds that the undisputed facts in the record indicate that the security interest created by the Loan Agreement is enforceable, and summary judgment is warranted in favor of Bank of America on this issue as well.[132]

## IV. Conclusion

Bank of America has produced a valid promissory note executed by World of Smiles and a valid guaranty executed by Jones and McGeathy. Defendants do not dispute the validity of the promissory note and guaranty. Moreover, Defendants have not established any defense to payment by a preponderance of the evidence and do not dispute the amount due to Bank of America under the promissory note. The Loan Agreement included a provision requiring the borrower to pay late fees, as well as costs and expenses related to the enforcement of the Loan Agreement. Thus, the Court finds that summary judgment in favor of Bank of America is warranted and that Defendants are liable to Bank of America for the amount due under the promissory note as of May 31, 2016, plus interest and late charges accruing after May 31, 2016, as well as costs and fees. The uncontroverted evidence in the record also indicates that the parties executed a valid security interest. Thus, the Court finds that summary judgment is appropriate on that issue as well.

Accordingly,

---

[130] *See* Rec. Doc. 8-5 at 21.

[131] *See id.* at 22.

[132] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). *See also, e.g., Bank of America, N.A. v. Garden Dist. Pet Hotel, Inc.*, No. 15-1386, 2016 WL 952250, at *5 (E.D. La. Mar. 14, 2016) (Vance, J.) (applying Louisiana law and granting summary judgment in favor of plaintiff where defendant did not challenge validity of security interest).

      **IT IS HEREBY ORDERED** that Bank of America's "Motion for Summary Judgment"[133]

is **GRANTED**.

      **IT IS FURTHER ORDERED** that Defendants pay Bank of America the sum of SEVEN

HUNDRED AND NINE THOUSAND SIXTY-SIX and 88/100 DOLLARS ($709,066.88), plus

interest from June 1, 2016, at a rate of 8.25% until paid and attorney's fees and costs.

      **NEW ORLEANS, LOUISIANA**, this ___27th___ day of February, 2017.

                                                   **NANNETTE JOLIVETTE BROWN**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[133] Rec. Doc. 8.