UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BANK OF AMERICA, N.A. | CIVIL ACTION |
| VERSUS | NO. 16-2874 |
| WORLD OF SMILES, et al. | SECTION: "G"(1) |

### ORDER

Pending before the Court is Plaintiff Bank of America, N.A.'s ("Bank of America") Motion for Attorneys' Fees Award pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2.[1] This motion was filed on March 3, 2017 and set for submission on March 29, 2017.[2] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Defendants have filed no opposition, timely or otherwise, and therefore the Court deems this motion unopposed. District courts may grant an unopposed motion, as long as the motion has merit.[3] Having considered the motion, the memorandum in support, the record, and applicable law, for the reasons discussed below, the Court will deny the motion and grant Plaintiff leave to supplement its motion within 14 days to provide evidence as to the reasonableness of the hourly rate it has requested for attorney's fees.

### I. Background

On February 27, 2017, Plaintiff obtained a final judgment (the "February Judgment") against Defendant A World of Smiles, LLC, to recover amounts owed to it under a Project Finance

---

[1] Rec. Doc. 23.
[2] Id.; Rec. Doc. 23-14.
[3] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

1

Term Loan Agreement (the "Loan Agreement").[4] Applying Louisiana substantive law pursuant to the terms of the Loan Agreement, the Court awarded the Plaintiff $709,066.88 plus interest from June 1, 2016, at a rate of 8.25%.[5] Moreover, the Loan Agreement included a provision requiring the borrower to pay costs and expenses related to its enforcement. Accordingly, the Court awarded attorneys' fees and costs to the Plaintiff.[6]

Plaintiff filed this pending motion for attorney's fees on March 3, 2017.[7] It is unopposed.

## II. Parties' Arguments

Plaintiff requests attorney's fees and costs in the amount of $20,163.70.[8] According to Plaintiff, this amount is based on $19,373.70 in attorneys' fees and $790.00 in costs.[9] First, Plaintiff asserts that its request for attorneys' fees "is consistent with the Loan Agreement, which permits the recovery of 'reasonable fees and costs of attorneys employed by Bank of America for any purpose related to this Agreement or the Indebtedness, including consultation, drafting documents, sending notices or instituting, prosecuting or defending any proceedings,'" and the February Judgment.[10]

Additionally, Plaintiff argues that it "is entitled to the recovery of attorneys' fees under Louisiana law."[11] Citing Louisiana Civil Code Article 2000, Plaintiff avers that parties may contractually authorize liability for attorneys' fees in a fixed or determinable amount.[12]

---

[4] Rec. Doc. 22.
[5] *Id.*
[6] Rec. Doc. 21 at 20.
[7] Rec. Doc. 23.
[8] Rec. Doc. 23-1 at 3.
[9] Rec. Doc. 23.
[10] *Id.* at 2 (citing Rec. Doc. 8-5: Loan Agreement, § 22).
[11] *Id.*
[12] La. Civ. Code art. 2000 (1987).

Finally, Plaintiff submits an affidavit of its counsel of record to verify the billing statements and invoices for the amount of attorneys' fees.[13] Without citing any authority or providing any context for the statements, Plaintiff asserts that this amount of attorneys' fees and costs requested is *per se* reasonable, as it is "well less than 25% of the amount of the [February] Judgment."[14]

### III. Law and Analysis

#### A. *Standard on a Motion for Attorney's Fees and Costs*

Rule 54(d)(1)-(2) of the Federal Rules of Civil Procedure provides:

> **(1)** *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
> **(2)** *Attorney's Fees.*
> **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> **(i)** be filed no later than 14 days after the entry of judgment;
> **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> **(iii)** state the amount sought or provide a fair estimate of it; and
> **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
> **(C)** *Proceedings.* Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).
> **(D)** *Special Procedures by Local Rule; Reference to a Master or a Magistrate Judge.* By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.

---

[13] Rec. Doc. 23-2.
[14] Rec. Doc. 23-1 at 4.

**(E)** *Exceptions.* Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.[15]

Moreover, Local Rule 54.2 states, "In all cases in which a party seeks attorneys' fees, the party must submit to the court a verified, contemporaneous report reflecting, the date, time involved, and nature of the services performed."[16]

Additionally, "[t]he Fifth Circuit has held that when state law provides the rule of decision for the substantive issues in a case, that state law also controls both the award of and the reasonableness of attorney's fees."[17] With that, "Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract."[18] Even if a statute or contract stipulates for attorneys' fees, the fees are still subject to a reasonableness determination.[19] The Fifth Circuit has stated that one method to begin the calculation of a fee award is to multiply the attorney hours worked by an hourly rate the Court deems reasonable.[20]

Finally, in order to evaluate a fee's reasonableness, the Louisiana Supreme Court has stated:

> Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[21]

---

[15] Fed. R. Civ. P. 54(d).
[16] U.S. Dist. Ct. Rules E.D. La., LR 54.2.
[17] *Mathis v. Exxon Corp.*, 302 F. 3d 448, 461 (5th Cir. 2002).
[18] *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 201 (La. 2008).
[19] *See Graham v. Sequoya Corp.*, 478 So. 2d 1223, 1225 (La. 1985).
[20] *See Oreck Direct, LLC v. Dyson, Inc.*, 2009 WL 1649503, at *2 (E.D. La. June 8, 2009) (citing *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988)).
[21] *Id*. at 442. The Louisiana Supreme Court based its list on a similar set of factors set forth in Rule 1.5(a) of the Louisiana Rules of Professional Conduct. The Louisiana Supreme Court had also previously determined that the Louisiana Rules of Professional Conduct has the force and effect of substantive law. *See Leenerts Farms, Inc. v. Rogers*, 421 So. 2d 216, 219 (La. 1982). Rule 1.5(a) provides:
> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

*B. Analysis*

Federal Rule of Civil Procedure 54(d)(2) requires a party seeking attorneys' fees to submit a motion within 14 days after the entry of judgment that specifies the amount sought, as well as "the judgment and the statute, rule or other grounds entitling the movant to the award."[22] The motion must also "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."[23] Local Rule 54.2 further requires that the requesting party submit a "verified, contemporaneous report reflecting the date, time involved, and nature of the services performed."[24]

Here, Plaintiff has submitted a Motion for Attorneys' Fees within 14 days of the entry of judgment. Plaintiff has specifically requested $19,373.70 in attorneys' fees, along with $790 in costs in its motion. Plaintiff also disclosed the Loan Agreement terms that allowed for attorneys' fees in addition to the Court's previous judgment, as required by Federal Rule of Civil Procedure 54(d). Plaintiff provided detailed billing statements, along with an affidavit verifying the statements, that fulfilled the requirements of Local Rule 54.2. Accordingly, this matter is properly before this Court procedurally.

The Court must now assess the award and reasonableness of the attorneys' fees. "The Fifth Circuit has held that when state law provides the rule of decision for the substantive issues in a

---

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the **professional** relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

[22] Fed. R. Civ. Pro. Art. 54(d)(2).
[23] Fed. R. Civ. Pro. Art. 54(d)(2)(B)(iv).
[24] U.S. Dist. Ct. Rules E.D. La., LR 54.2.

case, state law controls both the award of and the reasonableness of attorney's fees."[25] Here, per the terms of the Loan Agreement, Louisiana law provided the rule of decision for the substantive issues in this case, and therefore, Louisiana law controls both the award of and reasonableness of the attorneys' fees requested.[26] Considering Plaintiff's motion is unopposed, the Court may grant it as long as it has merit.[27]

Louisiana courts allow attorneys' fees that are authorized by a contract.[28] This Court has awarded Plaintiff attorneys' fees and costs in its final judgment pursuant to a provision in the Loan Agreement at issue in this case.[29]

However, even if a party is entitled to attorneys' fees, the reasonableness of those fees may still be examined by the Court.[30] In order to examine the reasonableness of attorneys' fees, the Louisiana Supreme Court has provided:

> Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[31]

Plaintiff has asserted that its request for attorneys' fees are *per se* reasonable, as "the attorneys' fees and expenses sought by Bank of America are well less than 25% of the amount of the Judgment."[32] However, Plaintiff has not cited any authority to substantiate this argument. Plaintiff has also not advised the Court about how the ten factors set forth by the Louisiana

---

[25] *See Oreck Direct, LLC v. Dyson, Inc.*, 2009 WL 1649503, at *2 (E.D. La. June 8, 2009) (citing *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988)).
[26] *See* Rec. Doc. 21 at 13.
[27] *See Braly,* 254 F.3d at 1082; *John*, 757 F.2d at 709.
[28] *See Sher*, 988 So. 2d at 201.
[29] Rec. Doc. 21 at 17-18.
[30] *See Graham* 478 So. 2d at 1225 (La. 1985).
[31] *Id.* at 442.
[32] Rec. Doc. 23-1 at 4.

Supreme Court, which inform the rule of decision, apply here. Specifically, Plaintiff has not included information regarding the customary hourly rate charged by attorneys of similar skill and experience in the New Orleans area for the type of legal work performed in this case. Thus, although the motion is unopposed, the reasonableness of Plaintiff's request is unclear.

### IV. Conclusion

Based on the foregoing, the Court denies Plaintiff's motion to the extent that it requests $20,163.70 without providing supporting evidence as to why its requested hourly rates and fees are reasonable. The Court grants Plaintiff leave to supplement its motion within 14 days of this order to provide evidence and authority of the reasonableness of the hourly rate of its attorneys in its request.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Attorneys' Fees Award"[33] is **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to supplement its motion within 14 days to provide evidence and authority of the reasonableness of its request.

**NEW ORLEANS, LOUISIANA,** this __18th__ day of September, 2017.

                                                                                 *Nannette Jolivette Brown*
                                                          **NANNETTE JOLIVETTE BROWN**
                                                          **UNITED STATES DISTRICT JUDGE**

---

[33] Rec. Doc. 23.